Entered: April 23rd, 2024

Signed: April 22nd, 2024

**DENIED**

On April 5, 2024, the Court approved a settlement between the Trustee and the Debtor in Adv. No. 23-00090. The approval of that settlement renders this motion moot. It is therefore denied.




MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE




**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | |
| **JOSHUA CARIN,** | **Case No. 21-12418-MCR** |
| **Debtor.** | **(Chapter 7)** |

**ORDER GRANTING MOTION (I) TO COMPEL DEBTOR TO SURRENDER AND TURNOVER PROPERTY OF THE ESTATE, PURSUANT TO SECTIONS 521(a)(4) AND 542(a) OF THE BANKRUPTCY CODE (II) TO REQUIRE DEBTOR TO COOPERATE WITH AN INSPECTION OF HIS PROPERTY SO THE TRUSTEE CAN MAKE A FULL ACCOUNTING, AND (III) FOR THE COURT TO DETERMINE THE DEBTOR'S EXEMPTIONS**

Upon the Motion[1] filed by the Trustee, and it appearing that:

(a) On the Petition Date (April 13, 2021), the Debtor filed for bankruptcy under chapter 7 of the Bankruptcy Code, scheduled assets with a total value in excess of $3 million, claimed all of the assets as exempt, and designated the bankruptcy as a "no asset" case;

[1] Capitalized terms in this Order are defined in the Motion.

(b) On June 30, 2021, after the initial Section 341 meeting of creditors, the Trustee re-designated the bankruptcy as an "asset" case;

(c) The Debtor has amended his Schedules seven (7) times, including five (5) amendments of his schedules of assets and liabilities and two (2) amendments of his statement of financial affairs;

(d) The Trustee and Geppetto (the largest unsecured creditor) requested a number of documents from the Debtor, which he failed to produce for his Rule 2004 examination on July 7, 2021;

(e) This Court approved a Consent Order between the Debtor, the Trustee, and Geppetto, filed at Docket No. 63, which required the Debtor to produce the Remaining Documents, but the Debtor has failed to do so;

(f) This Court approved the Trustee's Application to Employ Hirschler Fleischer, PC as Special Counsel, filed at Docket No. 92, to investigate the existence and location of assets which may not have been fully disclosed in the Debtor's schedules, and possible objections to the Debtor's claim of exemptions;

(g) Because the Debtor failed and refused to produce the Remaining Documents, the Trustee through his Special Counsel has obtained a number of the Remaining Documents from other sources by subpoena; and

(h) The evidence gathered by the Trustee, alleged in the Motion, and presented to the Court demonstrates that the Debtor has intentionally concealed, misreported and significantly undervalued his assets. The scope of these misrepresentations extends to the Debtor's Businesses, Bank Accounts, and Other Misreported Property as described in the Motion, as well as potentially

DENIED

his Retirement Accounts and other property to be determined by the Trustee's on-going investigation.

Therefore, this Court ORDERS as follows:

1. The Motion is granted.

2. Debtor's Businesses. The Debtor shall surrender and turnover, and the Trustee shall sell, liquidate or otherwise administer the Debtor's Businesses, as follows:

a. The Debtor shall immediately surrender all business property, records, operations, and control to the Trustee.

b. The Trustee will liquidate the assets of each of the Debtor's Businesses, pursuant to the method of sale that he determines in his best judgment, to be the most efficient and that will generate the most value for the bankruptcy estate (with the exception of Canal Landing, which is addressed in sub-section e, below).

c. The Trustee may sell both the estate's interest under section 363(b) of the Bankruptcy Code, and the interest of any party that claims a co-ownership interest in the Debtor's Businesses under section 363(h) of the Bankruptcy Code. The Trustee will give parties-in-interest notice of any sale, and an opportunity to object to his proposed distribution of the proceeds of sale.

d. In addition, after reviewing the business records, the Trustee shall determine whether to pursue claims against the Debtor or other parties, to the extent improper transfers were made by the Debtor's Businesses. The Trustee shall have the discretion to file for bankruptcy and jointly administer any of the Debtor's Businesses, if he determines that would facilitate recovery of improper transfers.

e. With respect to Canal Landing, each of the non-Debtor members shall have the right to purchase the estate's interest at a price equal to the fair market value determined by a qualified appraiser selected by the Trustee. If all of the non-Debtor members elect not to purchase the estate's 1/6th membership interest within thirty (30) days of the appraisal, then the Trustee may seek the authority to sell the Condominium owned by Canal Landing, and distribute the proceeds of sale in accordance with the Canal Landing, LLC Operating Agreement.

DENIED

DENIED

3. Bank Accounts. The Debtor shall produce within twenty (20) days from the date of this Order, a list of Bank Accounts owned by the Debtor, individually or jointly, and by the Debtor's Businesses since 2015, and monthly statements of accounts from January 2015 to the present. The Debtor shall turnover a total of $55,376.00 from the Bank Accounts, calculated as follows:

a. $5,950, which was the balance in the undisclosed TD Bank checking account on the Petition Date (acct. no. last four #5570);

b. $14,695, which was the balance in the undisclosed Edward Jones investment account on the Petition Date (acct. no. last four #6913);

c. $22,500, which is one-half of the balance that was in the improperly exempted Edward Jones joint investment account on the Petition Date (acct. no. last four #6912);

d. $8,556, which is one-half of the balance that was in the incorrectly scheduled Edward Jones joint investment account on the Petition Date (acct. no. last four #3315); and

e. $3,675, which is the amount Debtor contributed to his children's 529 accounts in excess of the limits set forth in section 541(b)(6) of the Bankruptcy Code.

To the extent there are insufficient funds in the Bank Accounts, then the Debtor shall turnover the funds he withdrew and the property that he purchased after the Petition Date with funds from the Bank Accounts.

4. Retirement Accounts. The Debtor shall produce, within twenty (20) days from the date of this Order, all records requested by the Trustee relating to the Retirement Accounts from January 2015 through the present, including monthly or quarterly statements, sources of deposits, recipient of withdrawals, rollovers, and transfers between accounts. The Retirement Accounts include:

a. The IRA at Edward Jones (acct. no. last four #0115);

b. The Roth IRA at Edward Jones (acct. no. last four #1219);

c. The SEP at Edward Jones (acct no. last four #4915);

d. The 403(b) account with Montgomery County that is listed in the bankruptcy Schedules;

e. Any 401(a) employer-sponsored retirement account; and

f. Any other IRA, 401(k), pension, or retirement account.

The Debtor shall turnover $45,000, which was the balance in the undisclosed Edward Jones SEP Account on the Petition Date.

5. Property Inspections. The Debtor shall immediately identify all addresses where any of his personal property is located, and allow the Trustee or his designee access to each location so that a full inventory of his property can be taken. During the Property Inspection, the Trustee will mark all of the Debtor's property that he intends to liquidate.

6. Misreported Property. The Debtor shall surrender and turnover, within twenty (20) days from the date of the Property Inspection, and as directed by the Trustee, the following property:

a. The 16 Assigned Pictures and Paintings scheduled in Section 23 of the Statement of Financial Affairs;

b. The 5 Other Paintings listed in Section 6 of Schedule A/B;

c. The Undisclosed Artwork, not listed in the Schedules, to be identified by the Trustee in the Property Inspection;

d. The Antique Furniture, including farm table, side table and stand, scheduled in Section 23 of the Statement of Financial Affairs;

e. The French-Style Vintage Mantel Clock, not listed in the Schedules;

f. The Jewelry, to be identified by the Trustee in the Property Inspection, but not including the wedding ring, cufflinks, and necklace listed in Section 8 of Schedule A/B;

g. The 2014 Pequeay dump trailer listed in Section 4 of Schedule A/B together with the original unencumbered certificate of title; and

DENIED

h. Any and all other personal property not listed in the Debtor's Amended Schedules, and identified by the Trustee in the Property Inspection.

The Trustee will liquidate each of the Misreported Property, pursuant to the method of sale that he determines in his judgment, to be the most efficient and that will generate the most value for the bankruptcy estate. The Trustee will give parties-in-interest notice of sale, and an opportunity to object to his proposed distribution of the proceeds of sale.

7. Horse Trailer. The Debtor shall immediately turnover the current certificate of title to the 2011 Cimarron horse trailer listed in Section 4 of Schedule A/B, which has been sold by the Trustee.

8. Status Reports. The Trustee shall file monthly status reports with this Court regarding his administration of this case, and the Debtor's compliance with this Order. The initial status report is due within sixty (60) from the date of this Order, and should include the result of the Property Inspections, and a list of the Debtor's property as it should have been scheduled.

9. Exemption Claims. The Debtor may file, within twenty (20) days after the initial status report, a final amended Schedule C, claiming his exemption interests. If the Trustee disagrees with the Debtor's exemptions in the final amended Schedule C, then he may file an Objection, and the Debtor's exceptions will be determined by the Court. The Debtor may not exempt any property that he did not disclose in his Bankruptcy Schedules, including amendments to the Schedules filed up to March 2022.

Copies to:

Office of the U.S. Trustee
Lawrence A. Katz via CM/ECF
David I. Swan via CM/ECF
Alan D. Eisler via CM/ECF

**END OF ORDER**

DENIED