# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**JOSHUA CARIN,**<br><br>      Debtor. | Case No. 21-12418-MCR<br><br>(Chapter 7) |

### FIRST AND FINAL APPLICATION OF HIRSCHLER FLEISCHER, P.C. AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE FOR FINAL ALLOWANCE AND AUTHORIZATION OF PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Hirschler Fleischer ("**HF**"), special counsel to Steven Greenfeld, chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Joshua Carin (the "**Debtor**"), respectfully submits this first and final application (the "**Application**") for allowance and authorization of payment of compensation and reimbursement of expenses, pursuant to sections 328 and 330 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Application covers the period from March 4, 2022 through July 1, 2024 (the "**Application Period**"). HF seeks compensation for legal fees in the amount of $199,614.00[1] and reimbursement of expenses in the amount of $1,127.52, for a total award of $200,741.52. HF has filed no prior fee applications in this case. In support of this Application, HF respectfully represents as follows.

---

[1] As discussed below, HF has reduced its fees of $249,614.00 by $50,000.00 in the exercise of billing discretion.

**Jurisdiction and Venue**

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief sought herein are sections 328, 330, and 503(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

**Background**

3. On April 13, 2021, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Bankruptcy Case**"), and Steven Greenfeld was appointed as the chapter 7 trustee.

4. On March 27, 2022, the Court entered an order approving HF's employment as special counsel to the Trustee, effective March 4, 2022 [Docket No. 92].

5. On April 11, 2023, HF, on behalf of the Trustee, commenced Adversary Proceeding No. 23-00090 against the Debtor and Moira Geronimo-Carin (the "**Carin Adversary**"), asserting claims for avoidance and recovery of a fraudulent transfer in the amount of $110,461.92 made by the Debtor to his wife.

6. On April 11, 2023, HF, on behalf of the Trustee, commenced Adversary Proceeding No. 23-00091 against Joshua Carin, Lawrence Carin, Sandy Carin West, Nathaniel Carin, Michael Carin, Steven Carin Haron, James Magno, 33 Canal Landing LLC, and John Does 1-20 (the "**Transferee Adversary**"), asserting claims for (i) turnover, (ii) a full accounting of all transfers made by the Debtor from an account he held with Bank of America, (iii) avoidance and recovery of fraudulent transfers to the Debtor's siblings, and (iv) avoidance and recovery of unauthorized transfers made subsequent to the Petition Date.

7. The Carin Adversary and the Transferee Adversary were the culmination of HF's investigation into the Debtor's undisclosed assets and post-petition activities. This investigation involved the issuance of numerous subpoenas to third-party financial institutions, review of the productions in response to such third-party subpoenas, and the in-depth analysis of potential claims held by the Trustee.

8. In addition to prosecuting these adversary proceedings, HF assisted the Trustee in the liquidation of tangible assets recovered as a result of the litigation.

### HF's First and Final Application

9. On March 27, 2022, the Court entered an order approving HF's employment as special counsel to the Trustee, effective March 4, 2022 [Docket No. 92]. This is HF's only application for allowance of compensation and reimbursement of expenses, covering the period from March 4, 2022, through July 1, 2024 (the "**Application Period**"). By this Application, HF seeks approval of total compensation in the amount of $200,741.52, based on fees earned and expenses advanced in the aggregate amount of $250,741.52, less a discount of $50,000.00, for services rendered to the Estate during the Application Period. Copies of HF's detailed time records are attached hereto and incorporated herein as Exhibit A. An itemized list of the necessary expenses incurred in this case is attached hereto and incorporated herein as Exhibit B.

10. All services and expenses reflected in Exhibit A and Exhibit B to this Application were performed for the Estate during the Application Period and not for any other person or entity. These services and expenses relate only to legal matters affecting this Bankruptcy Case.

11. HF has no agreement or understanding with any third party with respect to sharing of the compensation sought in this case.

### Summary of HF's Services

12. HF spent 486.90 hours providing services to the Estate during the Application Period, as follows:

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Lawrence A. Katz (Shareholder) (First bar admission: 1978) | 139.80 | $565.00 | $78,981.00 |
| Marie D. Carter (Sharholder) (First bar admission: (1982) | 1.00 | $500.00 | $500.00 |
| David I. Swan (Principal) (First bar admission: 1995) | 282.20 | $545.00 | $153,799.00 |
| Allison P. Klena (Associate) (First bar admission: 2018) | 15.80 | $290.00 | $4,582.00 |
| Patricia C. Laura (Paralegal) | 39.00 | $260.00 | $10,140.00 |
| Olivia C. Maier (Law Clerk) | 9.10 | $160.00 | $1,456.00 |
| Jill M. Burtis (Professional Assistant) | 0.60 | $250.00 | $150.00 |
| **TOTAL** | **487.50** | | **$249,614.00** |

13. The following is a summary of the services provided by HF. A more complete description of the actual tasks performed by HF is included in the time records attached hereto as Exhibit A.

    a. Investigated the existence and location of Estate assets which were not fully disclosed in the Debtor's schedules;

    b. Investigated objections to the Debtor's claimed exemptions;

    c. Investigated claims regarding pre-petition and post-petition transfers made by the Debtor, including transfers made to family members and related entities;

and

d. Commenced multiple adversary proceedings for the avoidance and recovery of such transfers.

14. During the Application Period, the Trustee required the assistance of counsel for the sale of certain assets of the Estate. HF attorneys spent 17.00 hours taking all steps necessary to liquidate certain Estate assets, equaling fees of $10,615.00.

15. Additionally, during the Application Period, HF prepared this Fee Application. HF attorneys spent 10.10 hours preparing this Fee Application during the Application Period, equaling fees of $4,056.50[2].

16. In the exercise of billing discretion, HF has voluntarily reduced the amount of fees sought in this Application by $50,000.00 for services rendered to the Estate.[3]

**Reasonableness of the Compensation Sought**

17. The Trustee believes HF performed its services efficiently, the services were necessary to the Estate, and HF's billing rates are comparable to the rates charged by other attorneys in the Maryland and Washington, D.C. metropolitan area for comparable services.

18. The fees sought in this case represent reasonable compensation for actual, necessary legal services rendered on behalf of the Estate for services provided during the Application Period, based upon section 330(a)(3) of the Bankruptcy Code and the twelve factors

---

[2] Preparation of the fee application was time-consuming due to the lengthy period of time covered – 28 months. Nevertheless, Applicant took into account the cost of preparing this Application when it calculated the amount of fees voluntarily written off.

[3] Moreover, all hours during the Application Period have been billed at the professionals' 2022 rates pursuant to the Order authorizing HF's retention as special counsel, which requires HF to give the Trustee ten (10) days' notice of any proposed rate increase. HF reviews its rates on the first day of each new year and it increase these rates in 2023 and 2024, but chose to keep its rates at 2022 levels for this Application. Had it applied its rates in effect in 2023 and 2024, the Application would be seeking significantly more in fees.

enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's*, 577 F.2d 216 (4th Cir. 1981), *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981), and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985). Those factors include the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform properly the legal services rendered, the attorneys' opportunity costs in pursuing the matter, the customary fee for like work, the attorneys' expectations at the outset of the matter, the time limitations imposed by the client or circumstances, the amount in controversy and the results obtained, the experience, reputation and ability of the attorney, the desirability or undesirability of the case within the legal community in which the case arose, the nature and length of the professional relationship between attorney and client, and attorneys' fee awards in similar cases.

      A.      <u>Time and labor expended</u>. HF spent 487.50 hours during the time period covered by this Application. A summary of the number of hours worked by each attorney is set forth above and in the detailed time records attached hereto as Exhibit A. As explained in footnote 2, *supra*, HF has charged the same 2022 billable rates that it charged in other bankruptcy and non-bankruptcy cases in 2022 and while it increased its rates in 2023 or 2024 in other cases, it did not increase its rates in this case. HF bases its billable rates on the experience of the attorney. The rates charged compare favorably to rates charged by other large law firms in the Maryland and Washington, D.C. metropolitan area.

      B.      <u>Novelty and difficulty of the questions raised</u>. As further set forth above, HF rendered a variety of services on many different issues during the Application Period. The significant number of hours that HF was required to devote to the investigation and prosecution of the avoidable transfers and undisclosed assets is directly attributable to the sophisticated,

complex and pervasive scheme of concealment and fraudulent activity perpetrated by the Debtor, as enumerated in detail in the Carin Adversary and Transferee Adversay.

C. <u>Skill required to perform properly the legal services rendered.</u> The legal and factual issues involved in this Bankruptcy Case required the skill and expertise of experienced counsel to investigate and litigate the Estate's claims. Where appropriate, tasks were assigned to the professional who could capably perform the service most cost-effectively. As a result, the effective hourly rate for services rendered during the Application Period was as low as possible while still proving effective representation to the Trustee.

D. <u>Attorneys' opportunity costs in pursuing the matter</u>. The statutory deadline for HF to commence the avoidance actions in this case required and received prompt attention during Application Period. At times, the work required to perform needed services on behalf of the Estate affected HF's opportunity to represent clients in other matters.

E. <u>Customary fee for like work</u>. HF believes that the standard rates it charges for services performed by its professionals compare favorably to the rates charged by comparable law firms in the Maryland and Washington, D.C. metropolitan area for comparable services in business reorganization cases.

F. <u>Attorneys' expectations at the outset of the matter</u>. When HF agreed to represent the Trustee, HF understood it would be paid reasonable compensation.

G. <u>Time limitations imposed by the client or circumstances</u>. At times, this case imposed significant time limitations upon HF.

H. <u>The amount in controversy and the results obtained</u>. The amounts involved in this Bankruptcy Case run into the hundreds of thousands. The amounts at stake are significant

to the Estate's creditors, and HF expects that its efforts will result in a significant recovery for creditors.

I. <u>Experience, reputation and ability of the attorneys</u>. The professionals who rendered services to the Trustee are well qualified in the fields in which they practice and routinely command the fees they charge in other cases.

J. <u>Desirability or undesirability of the case within the legal community in which the case arose</u>. This is a challenging case, but not one that would be viewed as undesirable in the local legal community.

K. <u>Nature and length of professional relationship between attorney and client</u>. Although HF represented creditors Geppetto Catering Co. Inc. and Charles Lenkin prior to its retention as special counsel to the Trustee, HF has not previously represented the Trustee.

L. <u>Attorneys' fee awards in similar cases</u>. HF submits that this request for compensation is well within, and likely well below, the usual and customary awards granted in similar cases based upon the time and effort expended on behalf of, and the quality of representation provided to, the Estate.

### Expenses

19. As set forth on <u>Exhibit B</u>, HF has incurred expenses totaling $1,127.52 in reasonable, necessary expenses in providing professional services to the Estate during the Application Period. By this Application, HF seeks reimbursement of $1,127.52 for such expenses.

### Authority

20. Pursuant to section 330 of the Bankruptcy Code and this Court's order approving HF's employment as special counsel to the Trustee, the Court may award HF reasonable compensation for actual and necessary services performed in this case. For the reasons stated

above, the services performed by HF were (a) necessary to the administration of this case and to assist the Trustee in investigating and litigating the claims of the Estate; (b) performed at a cost and efficiency commensurate with the complexity, importance and nature of the issues involved; and (c) undertaken by professionals whose rates are reasonable based upon the customary compensation charged by comparably skilled professionals in matters other than cases under this title. The Trustee has reviewed HF's request for fees and expenses.

WHEREFORE, HF requests that this Court enter an order (i) allowing to HF the requested compensation for legal services in the discounted amount of $199,614.00 and reimbursement of expenses in the amount of $1,127.2 for the period from March 4, 2022 through July 1, 2024, on a final basis for a total award of $200,741.52; (ii) authorizing the Trustee to pay such sums to HF as an allowed administrative expense of this proceeding pursuant to section 330 of the Bankruptcy Code; and (iii) granting such other and further relief as may be just and proper.

Dated: July 12, 2024

Respectfully submitted,

*/s/ Lawrence A. Katz*
Lawrence A. Katz (MD Bar No. 02526)
David I. Swan (MD Bar No. 28785)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
E-mail: lkatz@hirschlerlaw.com

*Special Counsel to Steven Greenfeld, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of July 2024, (i) I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *First and Final Application of Hirschler Fleisher, P.C. as Special Counsel to the Chapter 7 Trustee for Final Allowance and Authorization of Payment of Compensation and Reimbursement of Expenses* (the **"Application"**), together with a proposed Order (the **"Order"**) and Notice of the Application (the **"Notice"**), will be served electronically by the Court's CM/ECF system on the attorneys listed on Attachment 1 (ECF List) and (ii) a true and correct copy of the Application, the proposed Order, and the Notice were served by first class U.S. mail, postage prepaid, upon the parties identified on Attachment 2 (First Class Mail List).

- **Elizabeth Marian Abood-Carroll**   ANHSOrlans@InfoEx.com, ecfaccount@orlans.com
- **Richard L. Costella**   rcostella@tydings.com, jmurphy@tydings.com
- **Alan D. Eisler**   aeisler@e-hlegal.com, mcghamilton@gmail.com
- **Diane Elizabeth Feuerherd**   DEFeuerherd@mmcanby.com
- **Stuart Ryan Goldberg**   sgoldberg@bakerdonelson.com
- **Jonathan W. Greenbaum**   jg@coburngreenbaum.com
- **Steven H Greenfeld**   trusteegreen@cohenbaldinger.com, sgreenfeld@ecf.axosfs.com
- **Steven H. Greenfeld**   steveng@cohenbaldinger.com
- **Matthew H Johnson**   Matthew.Johnson3@montgomerycountymd.gov, theresa.hampl@montgomerycountymd.gov; gessesse.teferi@montgomerycountymd.gov; patricia.kane@montgomerycountymd.gov
- **Donna Ellen McBride**   dmcbride@mmcanby.com
- **Jeffrey Rhodes**   jrhodes@tlclawfirm.com

*/s/ Lawrence A. Katz*
Lawrence A. Katz (Md. Fed. # 02526)

## SERVICE LIST

Amex
PO Box 1270
Newark, NJ 07101-1270

Comptroller of Maryland
Bankruptcy Unit
301 W. Preston Street, Room 409
Baltimore, MD 21201

Gessee Teferi
Associate County Attorney
101 Monroe Street
Rockville, MD 20850

Matthew H. Johnson
Associate County Attorney
101 Monroe Street, 3rd Floor
Rockville, MD 20850

Moira Carin
17523 Moore Road
Boyds, MD 20841

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000

Rebecca Carin
17523 Moore Road
Boyds, MD 20841

SunTrust Bank now Truist Bank
Attn:  Support Services
PO Box 85092
Richmond, VA 23285-5092

Jeanette Rice, Assistant US Trustee
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Dusan and Dana Stamenkovic
8109 Postoak Road
Potomac, MD 20854

Eric Goldberg
9510 Persimmon Tree Road
Potomac, MD 20854

Great and Small Therapeutic Riding
17320 Moore Road
Boyds, MD 20841

Keith Miller
101 Monroe Street, Suite 410
Rockville, MD 20850

Montgomery County Revenue Authority
101 Monroe Street, Suite 410
Rockville, MD 20850

NFCU Visa
PO Box 3500
Merrifield, VA 22119-3500

Stephanie Tsacoumis
Peeble Beach Associates, LLC
720 Peeble Beach Drive
Silver Spring, MD 20904

TD BankNorth NA
70 Gray Road
Falmouth, ME 04105-2299

Earth Friendly Market, LLC
17523 Moore Road
Boyds, MD 20841

Farm Credit
925 N. East Street
Frederick, MD 21701-4600

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Maryland Economic Development Corp.
c/o Capstone On-Campus Mgmt. LLC
4250 Lehigh Road, Suite 1101
College Park, MD 20740

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2226

Patricia Lisehora Kane
Chief Litigation Division
101 Monroe Street, 3rd Floor
Rockville, MD 20850

SunTrust
PO Box 791274
Baltimore, MD 2129-1274

Taxing Authority of Montgomery County
Division of Treasury
255 Rockville Pike, Ste. L-15
Rockville, MD 20850

17373626.4  046280.00001

DOCID:  DOCPROPERTY DOCXDOCID DMS=IManage Format=<<NUM>>.<<VER>>  <<CLT>>.<<MTR>>